**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE | Case No. |
|      Plaintiff(s), |  2:22–cv–09272–MEMF–AFM |
|           v. | **CIVIL STANDING ORDER** |
| UNITED STATES OF AMERICA | |
|      Defendant(s). | |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

     Both the Court and all counsel bear responsibility for the progress of litigation in this Court. **"Counsel," as used in this Order, includes parties appearing pro se.**[1] To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Civil Procedure and the Local Rules of the Central District of California. FED. R. CIV. P. 1.

---

[1]  This Court does not exempt parties appearing pro se– that is, parties who are represented by an attorney– from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

**UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING RULES APPLY.**

**I. <u>Service of the Complaint</u>**

The Plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service.

**II. <u>Appearances by Counsel</u>**

The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community. Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to conduct hearings before the Court, particularly where they contributed significantly to the underlying motion or prepared the witness. Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

**A. <u>Presence of Lead Trial Counsel</u>**

Lead trial counsel shall attend any proceeding before this Court, including all Scheduling, Pretrial, and Settlement Conferences.

**B. <u>Withdrawal and Substitution of Counsel</u>**

Counsel shall take note of the differences between the G-01 and G-123 forms and must submit the appropriate form when noticing or requesting withdrawal or substitution of counsel.

Per its instructions, Form G-123 may be used to terminate an attorney's status as counsel for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from

the case, but the attorneys are still receiving notices of electronic filing. In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) instead.

When submitting Request for Approval of Substitution or Withdrawal of Counsel Form G-01, parties must also attach and submit via email a Proposed G-01 Order in Word format. *See infra* Section IX. All relevant forms may be found on the Court's website.

**III.   Invitation to Self-Identify Pronouns and Honorifics**

Litigants and counsel may indicate their pronouns and honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

**IV.   Scheduling Conference and Rule 26(f) Meeting of Counsel**

This court hears status conferences and scheduling conferences on **Thursdays, beginning at 10:00 a.m.** Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court will issue an Order Setting a Scheduling Conference. Counsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules. This meeting may occur telephonically and need not occur in person. A written exchange of correspondence will not satisfy this requirement.

**V.   Joint Rule 26(f) Report**

Unless otherwise ordered, no later than fourteen (14) days before the Scheduling Conference, counsel shall file a Joint Rule 26(f) Report. A Joint Rule 26(f) Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff and may result in the assessment of sanctions. The Joint Rule 26(f) Report shall address the matters set forth in

Federal Rule of Civil Procedure 26(f), as well as those enumerated in the Court's Order Setting Scheduling Conference.

## VI. <u>Discovery</u>

All discovery matters have been referred to a magistrate judge, who will hear all discovery disputes. The magistrate judge's initials follow the district judge's initials next to the case number. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver courtesy copies of discovery documents to Judge Frimpong's chambers.

In accordance with 28 U.S.C. § 636(b)(1)(A), the magistrate judge's decision shall be final, and this Court will not reverse any order of the magistrate judge unless it has been shown that the magistrate judge's order is clearly erroneous and contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 72-2. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or an oral ruling that the magistrate judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the magistrate judge chambers copies of the moving papers and responses.

## VII. <u>Motions – General Requirements</u>

**A. Pre-Filing Requirement:** Counsel for the parties shall meet and confer pursuant to Local Rule 7-3, which requires "counsel contemplating filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The parties must discuss in real-time all issues to be raised in the motion, as well as the law and evidence relevant to those issues, so that the parties' briefing reflects that they are fully cognizant of the other side's position(s). Counsel should discuss the issues sufficiently such that if a motion is still necessary, the briefing

may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The notice of motion or other request must include a statement of compliance with Local Rule 7-3. The Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith. Moreover, if the briefing reveals that the parties have not sufficiently conferred with respect to the issues and position(s) presented, the motion shall be stricken.

**B.   Time for Filing and Hearing Motions:** Motions shall be filed in accordance with Local Rule 7. This Court hears civil motions on **Thursdays, beginning at 10:00 a.m.** If Thursday is a national holiday, motions will be heard on the next Thursday. It is not necessary to clear a hearing date with Judge Frimpong's Courtroom Deputy Clerk before filing a motion, **except for motions for summary judgment and preliminary injunction**. For these two motions, contact the Courtroom Deputy Clerk via the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov to reserve a hearing date. For all motions, if the motion date selected is not available, the Court will issue a minute order continuing the date. **Closed motion dates** can be found on Judge Frimpong's Procedures and Schedules page. Moreover, all Motions must be filed in accordance with the following modified briefing schedule:

- • Motion: Must be filed no later than forty-two (42) days prior to the hearing on the Motion
- • Opposition: Must be filed no later than fourteen (14) days after the filing of the Motion
- • Reply: Must be filed no later than seven (7) days after the Opposition

**C.   Length and Format of Motion Papers:** Pursuant to Local Rule 11-6, Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages absent leave of Court. Replies shall not exceed ten (10) pages. Only in rare instances and for good cause shown will the

Court grant an application to extend these page limitations. Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents. All briefing must use Times New Roman or Courier font. Text must be no less than twelve (12) point font; footnotes shall be no less than ten (10) point font.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

**D.    Citations to Case Law:** Citations to case law must identify the case cited and the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided. Bluebook style is required.

**E.    Citations to Other Sources:** Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced. Bluebook style is required.

**F.    Oral Argument:** Per the Court's website, "Requests for a remote Zoom appearance must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred with opposing counsel consistent with Local Rule 7-3." If the Court deems a matter appropriate for decision without oral argument, the Court will take the matter under submission and notify the parties before the hearing.

\\\

\\\

**VIII.   Motions – Specific Requirements**

**A.   Motions Pursuant to Federal Rule of Civil Procedure 12:** Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Polich v. Burlington Northern Inc.* 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a). Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. The Court expects that, in most instances, the parties will agree to any amendment that would cure the defect.

**B.   Motions to Amend:** In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) identify the pages, line numbers, and wording of any proposed change or addition of material.

Counsel shall electronically file a "Notice of Lodging" attaching the proposed amended pleading as a document separate from the motion, as well as a "redlined" version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers.

**C.   Motions In Limine:** Motions in limine shall be noticed for hearing no

1 | later four (4) weeks before the Final Pretrial Conference date.

2 |      **D.   Motions for Class Certification:** If this action is a putative class action,

3 | the parties are to act diligently and begin discovery immediately, so that the motion

4 | for class certification can be filed expeditiously. This Court requires an extended

5 | briefing schedule for motions for class certification. Parties are advised to refer to

6 | the Court's Order Setting Scheduling Conference for additional guidance as to

7 | filing and timing of motions for class certification.

8 |      **E.   Motions for Summary Judgment: No party may file more than one**

9 | **motion pursuant to Federal Rule of Civil Procedure 56**, regardless of whether

10 | such motion is denominated a motion for summary judgment or summary

11 | adjudication, without leave of the Court. The parties shall not attempt to evade

12 | the page limitations for briefs by filing multiple motions. If a party believes this is

13 | one of the rare instances in which good cause exists for more than one motion for

14 | summary judgment or to increase page limits, the party shall seek leave by noticed

15 | motion setting forth a detailed showing of good cause. Pursuant to Federal Rule

16 | of Civil Procedure 56(f), when appropriate, based on undisputed facts and

17 | controlling principles of law, the Court may sua sponte enter summary judgment

18 | in favor of the non-moving party.

19 |     The Court will not entertain cross-motions that seek to adjudicate the same

20 | legal issues. If parties wish to cross-move for summary judgment, their counsel

21 | shall meet and confer to determine which party will move and which will

22 | oppose the one motion for summary judgment.

23 |     Parties need not wait until the motion cutoff date to bring motions for

24 | summary judgment or partial summary judgment. The hearing on any such

25 | motion shall be set for a date in advance of the Final Pretrial Conference.

26 |     Any parties intending to file or oppose a Motion for Summary Judgment shall

27 | work cooperatively to create a single, fully integrated joint brief covering all

28 | parties' summary judgment motions, in which each issue (or sub-issue) raised

1   by a party is immediately followed by the opposing party's response.

2   Each separately-represented party shall be limited to twenty-five (25)

3   pages, exclusive of tables of contents and authorities.

4          This Court requires an extended briefing schedule for motions for summary

5   judgment, *calculated based on the date the motion is filed*, as set forth below:

6   • *Motions for Summary Judgment*: No later than sixty-three (63) calendar

7      days before the hearing on the motion, the moving party shall provide

8      to the non-moving party an electronic copy of the opening brief,

9      together with the moving party's portion of the evidentiary appendix and

10     joint appendix of undisputed and disputed facts.

11  • *Opposition*: No later than fourteen (14) calendar days after receipt of the

12     opening brief, the non-moving party shall provide the moving party

13     with an electronic copy of the integrated motion, which shall include

14     the opposing party's portion of the joint brief, together with the

15     opposing party's portion of the evidentiary appendix and joint

16     appendix of undisputed and disputed facts.

17  • *Reply*: No later than seven (7) calendar days after receiving the integrated

18     version of the motion and related papers, the moving party shall file the

19     joint brief with the Court. The moving party shall not make further

20     revisions to the joint brief other than submitting their Reply and

21     finalizing the document for filing.

22         In the event that the *moving* party is a self-represented litigant, the parties

23  shall file their briefs pursuant to the aforementioned briefing schedule but will not

24  be required to submit joint briefing; rather, the parties may submit separate briefing.

25  In the event that the *non-moving* party is a self-represented litigant, the parties shall

26  file their briefs pursuant to the aforementioned briefing schedule; however, the

27  represented moving party shall manage the integration and compilation of

28  both parties' portions of the joint brief, including, but not limited to, Word

processing. Pro se parties are expressly advised that, pursuant to *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc), and *Woods v. Carey*, 684 F.3d 934, 939-40 (9th Cir. 2012), he or she has the right to submit counter-declarations and any other relevant evidence to oppose a Motion for Summary Judgment. Such party is further advised that if he or she fails to rebut the moving party's version of the facts with counter-declarations or other evidence, the court may accept that party's version of the facts as true and the claims against that party may be dismissed without a trial. All declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the declarations.

**The above briefing schedule is the default.** The parties may stipulate to a modified schedule that is reasonable for all parties. Any briefing schedule must provide the Court at least forty-two (42) days between the Reply deadline and the hearing date.

The parties should prepare papers in a fashion that will assist the Court in processing and analyzing the volume of material (*e.g.*, tables of contents, headings, indices, bookmarks in electronic documents, pinpoint citations, etc.). Additionally, *for motions for summary judgment only*, parties should submit two paper copies of all Motion for Summary Judgment filings to Judge Frimpong's mailbox on the Fourth Floor of the First Street Courthouse. Pro Se parties are exempt from this requirement. The parties shall comply with Local Rules 56-1 and 56-2 in addition to the Court's additional requirements described below.

    1.   Moving Party's Statement of Uncontroverted Facts and Genuine Disputes

The joint statement of uncontroverted facts required under Local Rule 56-1 shall be prepared in a four-column table, as shown below. The first column sets forth the allegedly undisputed fact, along with the evidence that supports the factual statement. The factual statements should be set forth in sequentially

numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The second column should list whether the allegedly undisputed fact is disputed or undisputed by the opposing party. The third column should contain additional information regarding the basis for any dispute. If the fact is undisputed, no further response is required. The non-moving party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what portion is being disputed, followed by a brief citation to the non-moving party's evidence controverting the fact. To demonstrate that a fact is disputed, the non-moving party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. In the fourth cloumn, the moving party may provide a response to the opposing party's reason for dispute, including any reason why the evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact.

All facts asserted by either party, whether disputed or undisputed, and all supporting evidence cited, shall be included in the response. Do not repeat descriptions of and citations to the evidence. If you have already described and cited the evidence once, simply refer to the earlier citation succinctly (*e.g.*, "*See supra*, Fact # 1").

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 1. Mike and Jane signed a contract for | Undisputed | N/A | N/A |

11

| | | | |
|---|---|---|---|
| the sale and purchase of property. Smith Decl. (Dkt. No. 61–2) Â¶ 5, Ex. 6. | | | |
| 2. Jane mailed the contract in May 2017.Smith Decl. ¶ 8, Ex. 21. | Disputed | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane ;Depo. at 3:4-10. | Jane testified later that although she initially stated that she mailed the contract in June 2017, she misspoke and clarified that she had actually mailed the contract in May 2017. |

Statements of Uncontroverted Facts and Genuine Disputes shall also be in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

### 2. Non-Moving Party's Statement of Uncontroverted Facts and Genuine Disputes

The non-moving party may submit additional material facts that bear on or relate to the issues raised by the moving party, which shall be set forth in a separate joint statement of uncontroverted facts and follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs with the evidence that supports each statement set forth in the right column.

With its Reply, the moving party shall identify whether the allegedly undisputed fact presented by the non-moving party is disputed or undisputed by the moving party. The statement shall include additional information regarding the basis for any dispute. If the fact is undisputed, no further response is required. Parties are required to also submit any Statements of Uncontroverted Facts and Genuine Disputes in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

12

### 3. Conclusions of Law

Each Statement of Uncontroverted Facts and Genuine Disputes shall be followed by a "Conclusions of Law" section, consisting of a chart with two columns. The party presenting each set of allegedly uncontroverted facts shall set forth each conclusion of law, followed by the number of each relevant fact, as follows:

| Conclusions of Law | Relevant Facts |
|---|---|
| Plaintiff's claim for _____ is barred by the applicable statute of limitations. | Facts 1, 3, 4 |
| Plaintiff cannot prove _____. | Facts 5, 7, 9 |

### 4.  Supporting Evidence

The joint brief shall be accompanied by one separate, tabbed appendix of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). *See* Local Rule 7-6. The joint brief and its supporting materials shall be submitted as one CM/ECF filing, with each declaration or item of evidence submitted as a separate attachment to the CM/ECF filing. The evidentiary appendix shall include a table of contents. No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript,

of a witness who can establish authenticity.

### 5.   Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two column format. The left column should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (*e.g.*, hearsay, lack of foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate Word document consistent with Local Rule 52-4.1 and emailed directly to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

**F.   Motions for Attorneys' Fees:** Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (*e.g.*, partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (e.g., discovery, motion to dismiss, motion for summary judgment). The second table shall include a summary of the hours worked by each attorney, organized by attorney. Both tables shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney. If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

All tables shall be attached to the motion and electronically filed. The courtesy copies of the tables shall be prepared in Excel, have all restrictions removed so

1  the spreadsheets can be edited, and be emailed to the Court's chambers email

2  address at MEMF_Chambers@cacd.uscourts.gov.

3       **G.   Under Seal Filings:** The Court requires strict compliance with Local

4  Rule 79-5, which governs applications to file documents under seal. Local Rule

5  79-5.2.2 explains how to apply to file under seal and how to proceed if leave is

6  granted.

7    There is a strong presumption of access in civil actions. *Foltz v. State Farm*

8  *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Parties that submit

9  frivolous motions to seal or overly broad motions will be subject to sanction.

10     When submitting a motion to seal, the filing party must state whether the

11  compelling reasons or good cause standard applies and explain why. *See Center*

12  *for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).

13  The party must identify and discuss the factual and/or legal justification that

14  establishes "good cause" or "compelling reasons" for the information to be

15  protected.

16     The filing party must make a specific showing explaining why each document

17  that it seeks to seal may justifiably be sealed and why the the proposed redactions

18  are as narrowly tailored as possible, rather than making a blanket statement about

19  the grounds for sealing. Generic and vague references to "competitive harm" are

20  almost always insufficient justification for sealing. If a party files a request to seal

21  that is significantly overbroad and/or does not provide adequate reasons for

22  concealing information from the public, the party bears the risk that the Court

23  will simply deny the request in its entirety and place all documents sought to be

24  sealed on the public docket.

25    Documents that are not confidential or privileged in their entirety should not

26  be filed under seal if the confidential portions can be redacted and filed separately

27  with a reasonable amount of effort. The parties should file a complete version of

28  the documents under seal and a redacted version for public viewing, omitting only

the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item–blanket claims of confidentiality will result in the application to seal being denied. Counsel must consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties also must meet and confer before filing an application to seal.

An application to seal that includes meritless requests to seal or redact documents will be denied. If a party files an application to seal that includes meritless requests to seal or redact documents, the party bears the risk that the Court will simply deny the request in its entirety and place all documents sought to be sealed on the public docket. The parties also must meet and confer before filing an application to seal.

### IX.   Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the proposed order in Word format shall be emailed directly to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov on the day the document is electronically filed.

A template for proposed orders is available on Judge Frimpong's webpage.[2] The parties must use this template. Failure to submit a proposed order in Word format may result in the Court striking the motion, application, or stipulation without consideration of the request on its merits.

### X.   Chambers Courtesy Copies

The Court does not require chambers copies of any motion papers or exhibits and discourages the parties from sending chambers courtesy copies, with the

exception of documents related to motions for summary judgment (*see supra* Section VIII.E). Parties are required to submit any Statements of Uncontroverted Facts and Genuine Disputes in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

Excel files prepared in support of motions for attorneys' fees (*see supra* Section VIII.F) and proposed orders in Word format (*see supra* Section IX) should be submitted to the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.

## XI.  Ex Parte Applications

Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications. The Court considers ex parte applications on the papers and usually does not set these matters for hearing.

## XII.  Continuances

Counsel requesting a continuance must lodge, prior to the date to be continued, a proposed stipulation and order including a detailed declaration of the grounds for the requested continuance or extension of time. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Counsel are required to first meet and confer with opposing counsel regarding the substance of the continuance and include a statement of compliance with Local Rule 7-3 (*see supra* Section VII.A). Failure to meet and confer in good faith in compliance with the Local Rules and this Order may result in denial of the request for continuance.

---

[2] Judge Frimpong's webpage can be found at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

## XIII. Electronic Filings

Counsel shall e-file all civil and criminal filings pursuant to Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4 as follows:

- All non-signature items shall be **e-filed** in **PDF format**. All proposed signature items shall be **e-filed** as an attachment to the main document in **PDF format.**

- All proposed signature items shall be **emailed** to the courtroom deputy email MEMF_Chambers@cacd.uscourts.gov in **Word** format. **Only proposed order signature items should be emailed to the chambers' email address.** Do not email other associated documents and do not use this email address for communication with the Court or the Clerk.

**Note for Parties Who Do Not Have an Attorney**: Pro se litigants–that is, parties who are not represented by an attorney–may submit documents for filing through the Court's Electronic Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the https://apps.cacd.uscourts.gov/edss.

## XIV.   Communications with Chambers

Counsel must not attempt to contact the Court or chambers staff by email, telephone, or by any other ex parte means. Counsel may, for appropriate matters only, contact the Courtroom Deputy via the Court's chambers email at MEMF_Chambers@cacd.uscourts.gov. Counsel must not contact the Courtroom Deputy regarding the status of any matter before the Court. Calls or emails regarding the status of submitted motions, stipulations, or proposed orders will not be returned. Counsel may determine the status of any submitted motion, stipulation, or proposed order by accessing the docket sheet through PACER, which can be accessed via the Central District of California website. Counsel

must include on all papers their email address, telephone number, and fax number to facilitate communication with the Courtroom Deputy.

## XV.   Courtroom Decorum

The Court expects everyone in her courtroom to treat each other with dignity and respect. Therefore, at a minimum, she expects the following from all[3]:

- Being punctual and prepared for all court appearances.
- Speaking and writing civilly and respectfully in all communications involving the Court. This includes:
  - Referring to and addressing witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.
  - Refraining from interrupting any other person in the courtroom when someone else is speaking. The same courtesy will be returned for every person.
  - Refraining from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony or argument.
- Being considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.
- Acting and speaking civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

## XVI.   Guidance for Pro Se Litigants

Parties who represent themselves in civil litigation (*i.e.*, appear pro se), should be aware that the Court holds these parties to the same standards of conduct to

---

[3] For more detailed guidance, counsel are advised to refer to the Central District of California's Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

which it holds attorneys.

The following links may be helpful to those representing themselves in civil matters:

- Information on the Federal Pro Se Clinic in Los Angeles, which offers on-site information and guidance to individuals who are representing themselves, can be found at http://prose.cacd.uscourts.gov/los–angeles. The clinic is open by appointment only on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and from 2:00 p.m. to 4:00 p.m. Appointments can be made via the website or by telephone at (213) 385-2977.
- Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court–procedures/local–rules.
- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

## XVII.   Additional Information

### A. Interpreter Services

Counsel in civil actions are responsible for arranging for the services of an interpreter. The Interpreter's Office may be reached at (213) 894-4599.

## XVIII.   Notice of This Order

**Counsel for Plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the Defendant shall serve this Order on all other parties.**

IT SO ORDERED

Dated:  December 30, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge